UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEORGE LUCAS VELASQUEZ,
     Plaintiff,                         CASE NO.: 6:25-cv-00712

vs.

JOSHUA ORR, Deputy Sheriff,
Osceola County, in his individual
capacity; and
HECTOR RIVERA-ORTIZ,
Deputy Sheriff, Osceola County, in his
individual capacity; and
MARCOS R. LOPEZ, Osceola County
Sheriff, in his official capacity only,
     Defendants,
_____/

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, Jeorge Lucas Velasquez, hereby sues Defendants, Joshua Orr, individually, Hector Rivera-Ortiz, individually, and Marcos R. Lopez, in his official capacity as Sheriff of Osceola County, Florida, and states as follows:

### INTRODUCTION

1.    This action is a civil rights claim brought pursuant to 42 U.S.C. § 1983 and Florida state law claim seeking monetary damages for the unlawful seizure, arrest, failure to intervene, malicious prosecution, detention, and imprisonment of Plaintiff, Jeorge Lucas Velasquez, without probable cause. This conduct violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution and Florida common law.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 for federal claims, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District under 28 U.S.C. § 1391(b), and this division under the local rules, as the events giving rise to this action occurred in Osceola County, Florida.

4.     All conditions precedent have been complied with prior to bringing this action.

## PARTIES

5.     Plaintiff, Jeorge Lucas Velasquez, was a resident of Osceola County, Florida.

6.     Defendant, Joshua Orr, was a deputy sheriff employed by Sheriff Marcos R. Lopez and the Osceola County Sheriff's Office (OCSO), acting under color of law and within the scope of his employment at all relevant times. He is sued in his individual capacity. Deputy Orr was hired by OCSO as a deputy on or about August 29, 2022.

7.     Defendant, Hector Rivera-Ortiz, was a deputy sheriff employed by Sheriff Marcos R. Lopez and the Osceola County Sheriff's Office (OCSO), acting under color of law and within the scope of his employment at all relevant times. He is sued in his individual capacity.

2

8.      Defendant, Marcos R. Lopez, is the elected sheriff for Osceola County, Florida, and was at all times material to this action acting in his official capacity as such.

## FACTUAL ALLEGATIONS

9.      In the early morning hours of August 23, 2023, after completing a shift as a tow truck driver, Mr. Lucas Velasquez stopped at a 7-Eleven convenience store before returning home, where he purchased a 12-pack of Corona beer. Before driving home, Mr. Lucas Velasquez opened one of the cans and consumed a portion of the beer, but did not finish it.

10.     At around 1:20 a.m., while driving home, Mr. Lucas Velasquez noticed the emergency lights from Deputy Orr's OCSO cruiser behind him, signaling him to pull over.

11.     Deputy Orr radioed in to dispatch that he was conducting a simple traffic stop and not a DUI stop.

12.     Prior to the stop, Mr. Lucas Velasquez was operating his car in a safe, lawful, and controlled manner, without exhibiting any signs of erratic or impaired driving. Upon being ordered to pull over, he did so safely and in full compliance with all traffic laws.

13.      Deputy Orr exited his cruiser and approached Mr. Lucas Velasquez, who was still sitting in his car, and told him that he had pulled Mr. Lucas Velasquez over for having a dark-tinted cover over the vehicle's tag.

14.    It was during this conversation that Deputy Orr detected the "odor of alcohol impurities" coming from Mr. Lucas Velasquez and his vehicle, which was from the beer he had just consumed and the can that was on the passenger floorboard.

15.    Mr. Lucas Velasquez gathered his driver's license, vehicle registration, and proof of vehicle insurance and provided the documents to Deputy Orr without incident and upon the deputy's request.

16.    At this point, Deputy Orr "directed" Mr. Lucas Velasquez out of his vehicle and to sit on the curb of the road.

17.    Mr. Lucas Velasquez admitted to Deputy Orr that he had purchased a case of Corona beer at the 7-Eleven located at 4748 W. Irlo Bronson Memorial Highway in Kissimmee, Florida, and had some of that beer before driving to his home located at 4471 Solamar Avenue, also in Kissimmee, Florida. Even Deputy Orr acknowledged in his arrest affidavit that this direction of travel correlated with what he was told by Mr. Lucas Velasquez.

18.    Mr. Lucas Velasquez fully complied with Deputy Orr's instructions and exited his vehicle in a safe and controlled manner. Throughout his interaction with Deputy Orr, Mr. Velasquez remained steady on his feet, showing no signs of impairment or instability. This is corroborated by body-worn camera (BWC) footage recorded that evening. Notably, however, no BWC footage from Deputy Orr—who initiated the encounter—has been provided. Only BWC footage from

Deputy Rivera-Ortiz is available, raising questions as to the absence of video documentation from the primary deputy involved.

19.    Deputy Orr testified in his DUI Worksheet that Mr. Lucas Velasquez walked and stood "normal," and his clothing were described as "neat."

20.    Based solely on Mr. Lucas Velasquez's admission to having consumed part of a single beer, the presence of an odor of alcohol, and the observation of glassy, bloodshot eyes, Deputy Orr requested that Mr. Lucas Velasquez perform standardized field sobriety exercises (SFSEs).

21.    However, the odor of alcohol and glassy, bloodshot eyes are, at most, indicators of alcohol consumption—not impairment—and do not, on their own, constitute probable cause to suspect impairment or to subject Mr. Lucas Velasquez to SFSEs.

22.    From that point forward, Deputy Orr directed Deputy Rivera-Ortiz to interpret the SFSE instructions into Spanish for Mr. Lucas Velasquez, as well as to interpret Mr. Lucas Velasquez's responses back to Deputy Orr. As a result, Deputy Rivera-Ortiz was present for and had full access to observe and hear all the same information available to Deputy Orr prior to Mr. Lucas Velasquez's arrest.

23.    For example, when asked by Deputy Orr, through Deputy Rivera-Ortiz interpreting, if he had "any problems with your balance, or anything wrong with how you walk or stand," Mr. Lucas Velasquez told Deputy Orr that he had had surgery in his left inner hip within the last year that causes him to lose balance and ongoing pain.

24.    The BWC video from Deputy Rivera-Ortiz shows, among other things,

a.  Deputy Orr improperly administering the horizontal gaze nystagmus (HGN) test.

b.  Mr. Lucas Velasquez speech was clear, responsive, and coherent.

c.  Mr. Lucas Velasquez was cooperative and polite.

d.  Mr. Lucas Velasquez was steady on his feet.

e.  Mr. Lucas Velasquez's performance on the Walk and Turn (W&T) and One Leg Stand (OLS) was inconsistent with impairment.

f.  Mr. Lucas Velasquez's performance on the divided attention exercises was inconsistent with impairment.

g.  That Deputy Orr still had Mr. Lucas Velasquez perform the OLS knowing he recently had surgery to his inner hip that caused him pain.

h.  Conflicts between Deputy Orr's reported facts and those apparent in the video itself.

i.  Mr. Lucas Velasquez normal faculties were not impaired.

j.  Mr. Lucas Velasquez exhibited no sway during any point of detention.

k.  Deputy Orr unreasonably concluded that probable cause existed, when in fact the BWC video shows a lack of any arguable probable cause.

25.     According to his DUI Worksheet, Deputy Orr testified that the only cue of impairment he noticed during the W&T was that Mr. Lucas Velasquez "starts too soon." He didn't step from the line during instructions, stop while walking, take the incorrect number of steps, raise his arms for balance, take any improper turns, step off the line, or fail to touch heel to toe.

26.     Deputy Orr also testified in his DUI Worksheet that the only cue on the OLS was that Mr. Lucas Velasquez "sways while balancing," something disputed by the BWC videos. But he testified that Mr. Lucas Velasquez didn't use his arms for balance, wasn't hoping, didn't put his foot down prematurely, and was able to complete the exercise.

27.     Mr. Lucas Velasquez completed the SFSEs without indications of impairment sufficient to establish probable cause, as confirmed by the BWC video and Deputy Orr's DUI worksheet.

28.     Yet despite how well he performed the SFSEs, Deputy Orr arrested Mr. Lucas Velasquez for DUI at 2:11 a.m.

29.     Deputy Rivera-Ortiz had the ability and time to prevent Deputy Orr from making the arrest of Mr. Lucas Velasquez, but did not do so. Deputy Rivera-Ortiz was with Deputy Orr and Mr. Lucas Velasquez throughout the SFSEs as he interpreted the instructions and responses, and during the time where Deputy Orr decided that he would arrest Mr. Lucas Velasquez. Deputy Rivera-Ortiz was as close to Mr. Lucas Velasquez as Deputy Orr throughout yet failed to intervene in the arrest.

30.    After the arrest, Deputy Orr took photographs from Mr. Lucas Velasquez's car. These photographs show the case of Corona beer with condensation on the cans and one can missing, which was shown in another photograph to be on the passenger-side floorboard. This confirmed Mr. Lucas Velasquez's admission to Deputy Orr that he had consumed only some of one beer. These photographs corroborate Mr. Lucas Velasquez's admissions and negate any arguable probable cause.

31.    Upon information and belief, this was Deputy Orr's first DUI arrest in his law enforcement career.

32.    Deputy Orr did not have probable cause for the DUI arrest, nor did arguable probable cause exist.

33.    After arresting Mr. Lucas Velasquez for DUI, Deputy Orr brought him to the Osceola County Corrections facility to obtain breath samples.

34.    Deputy Brandon Soto, at Deputy Orr's direction, administered the breathalyzer where two valid samples of Mr. Lucas Velasquez's breath were taken with the results of 0.000 g/210L, confirming no alcohol was present.

```
Date of Last Agency Inspection: 07/17/2023
Observation Period Began: 02:41
Subject's Name: JEORGE  S LUCAS VELASQUEZ          DOB: 12/08/1988   Sex: M

The subject was observed for at least twenty-minutes prior to the administration of the breath
test to ensure that the subject did not take anything orally and did not regurgitate.

Results:                      Test              g/210L        Time
                              Diagnostics Check OK            03:03
                              Air Blank         0.000         03:03
                              Control Test      0.083         03:04
                              Air Blank         0.000         03:04
                              Subject Sample #1 0.000         03:05
                              Air Blank         0.000         03:05
                              Air Blank         0.000         03:07
                              Subject Sample #2 0.000         03:08
                              Air Blank         0.000         03:08
                              Control Test      0.082         03:09
                              Air Blank         0.000         03:09
                              Diagnostics Check OK            03:09
```

35.    Deputy Orr believed this negative result was inconsistent with his observations, so he requested Mr. Lucas Velasquez provide a urine sample, and Mr. Lucas Velasquez agreed to comply with. To this point, Deputy Orr did not suspect Mr. Lucas Velasquez was under the influence of any chemical or controlled substances.

36.    Mr. Lucas Velasquez "was not in possession of any illegal narcotics" at the time he was arrested and in Deputy Orr's custody, and Deputy Orr never articulated any reasonable suspicion that Mr. Lucas Velasquez was impaired by any chemical or controlled substances. The request for a urine sample was solely because there was no alcohol detected, and Deputy Orr did not want to lose this DUI.

37.    Deputy Orr has not received training to be, and is not certified as, a Drug Recognition Expert (DRE), which is an officer who has received specialized training and has been credentialed to evaluate suspects and determine if the subject is impaired, if a medical condition is causing the impairment, or if a drug is causing impairment. In fact, Deputy Orr sought out a DRE that night but was unable to find one to assist him.

38.    After failing to find a urine sample kit at the corrections center, Deputy Orr requested a blood sample be taken from Mr. Lucas Velasquez.

39.    This request for a blood sample was unlawful, as Mr. Lucas Velasquez was not involved in a crash involving death or serious bodily injury, nor was he brought to a hospital or medical facility for treatment and making the securing of

a breath or urine sample impossible or impracticable. <u>See</u>, §§ 316.1932(1)(c) and 316.1933(1)(a).

40.    Mr. Lucas Velasquez, handcuffed and in custody, submitted to Deputy Orr's illegal request to provide a blood sample.

41.    So, Deputy Orr took the handcuffed Mr. Lucas Velasquez to AdventHealth Partin Settlement Health Park for the blood sample but discovered there were no blood test kits available to undertake this unlawful request.

42.    Having hit another dead end in his quest to justify his first DUI arrest, Deputy Orr drove Mr. Lucas Velasquez back to Osceola County Corrections in his ongoing search for a urine sample kit.

43.    Deputy Orr continued "reaching out to more resources" and was finally able to secure a urine sample kit. Urine was taken from Mr. Lucas Velasquez at 5:28 a.m., and a request for a drug screen for "all" drugs was requested because the "BAC results not consistant [sic] with observations." Nowhere did Deputy Orr articulate any suspicions that there was drug use. Again, leading up to the breathalyzer, Deputy Orr's investigation focused solely on alcohol being the reason for the arrest.

44.    Mr. Lucas Velasquez was then transferred to Corrections custody for booking after being in Deputy Orr's custody for almost four hours, and was officially booked in the jail at 8:51 a.m., over 6 hours after he was arrested.

45.     The Florida Department of Law Enforcement performed the drug screens of Mr. Lucas Velasquez's urine sample and confirmed that there were no controlled substances identified in Mr. Lucas Velasquez.

46.     The arrest affidavit, BWC videos, DUI worksheet, and test results confirm Deputy Orr's suspicions were subjective and not supported by objective evidence.

47.     At the time of his arrest – and at all times thereafter – no drugs or alcohol were detected in Mr. Lucas Velasquez's system. No drugs were found on his person or within his car. The only item recovered from his car was a partially consumed can of beer.

48.     There was no erratic driving, crash, or public endangerment that would indicate the influence of alcohol or drugs such that Mr. Lucas Velasquez's ability to drive would be impaired.

49.     Mr. Lucas Velasquez was booked and jailed, causing loss of liberty, humiliation, emotional distress, employment, lost wages, expenses related to his arrest and defense, and financial hardship.

50.     Mr. Lucas Velasquez was released from the Osceola County Jail on a cash bond at 9:33 p.m. on August 23, over 19 hours after he was first arrested and 18 hours after he blew 0.000 on the breathalyzer machine.

51.    On September 14, 2023, OCSO publicly shamed Mr. Lucas Velasquez on it's Facebook page, implanting his booking photo on a post of the "DUI Arrestees of the Month" and presenting "August's 'honorees' of the Green Carpet."



52.    The video included Mr. Lucas Velasquez's booking photo, which was photoshopped onto a cartoon vehicle driving erratically on a cartoon road at night. The reality from that night is that Mr. Lucas Velasquez did not drive erratically or in an unsafe manner on August 23.



53.     Sheriff Lopez and the OCSO went so far as to include Mr. Lucas Velasquez's photo and name in a gallery of others and label him one of the "Drunks of the Month."



54.     Sheriff Lopez and OCSO knew that Mr. Lucas Velasquez had no alcohol in his system when he was falsely arrested by Deputy Orr. Still, they posted the defamatory statements on OCSO's Facebook page, where it remains to this day.

55.     On November 13, 2023, Mr. Lucas Velasquez was arraigned in Osceola County Case 49-2023-CT-003832 on the DUI charge where he entered a plea of Not Guilty.

56.     On November 21, 2023, the Florida Department of Law Enforcement transmitted their test results to OCSO that there were no drugs identified in Mr. Lucas Velasquez's urine sample.

| ATTN: | JOSHUA ORR | |
|---|---|---|
| SUBJECT(S): | JEORGE STEVEN LUCAS-VELASQUEZ | *Kelly Bugden*<br>Kelly A. Bugden<br>Crime Laboratory Analyst<br>Toxicology Section |
| OFFENSE(S): | DUI - Misdemeanor<br>Osceola County<br>August 23, 2023 | |

**REFERENCE:**
This report references the following evidence submitted to the Florida Department of Law Enforcement on August 24, 2023 by HOLLY ELKINS. This report contains conclusions, opinions, and/or interpretations made by the author.

**EVIDENCE:**

| FDLE Item# | Agency Exhibit# | Description |
|---|---|---|
| 1 | Q-1 | Urine specimen |

**RESULTS:**

| | | |
|---|---|---|
| 1 | Q-1 | No drugs were identified. |

**REMARKS:**
This case was analyzed for the following: amphetamines, barbiturates, benzodiazepines, cannabinoids, carisoprodol, cocaine, methadone, methamphetamine, opiates, oxycodone, and other drugs.

57.     Assistant State Attorney Michael Mina Khalil dismissed the DUI charge against Mr. Lucas Velasquez on December 20, 2023.

58.     Deputy Orr's actions were not based on a reasonable belief that a crime had been committed or that Mr. Lucas Velasquez was impaired. Deputy

Rivera-Ortiz stood by and allowed this to happen when he had the present ability and the time to intervene and prevent this arrest and prosecution.

59.    As a result of his arrest and prosecution, Mr. Lucas Velasquez's hours were reduced so much so that he was forced out of working with the tow company he was employed with.

60.    Mr. Lucas Velasquez was also in the process of obtaining his Commercial Driver's License (CDL) and was denied because of his arrest and prosecution. This includes loss of cost expense for the coursework towards the CDL.

## Count I – False Arrest & False Imprisonment under 42 U.S.C. § 1983 (Against Deputy Joshua Orr)

61.    Plaintiff, Jeorge Lucas Velasquez, realleges and incorporates paragraphs 1 through 60.

62.    Deputy Orr, acting under color of state law, deprived Mr. Lucas Velasquez of his Fourth and Fourteenth Amendment rights by seizing and arresting him without probable cause.

63.    There was no arguable probable cause for Mr. Lucas Velasquez's seizure.

64.    Mr. Lucas Velasquez suffered damages as a result of this unconstitutional arrest and imprisonment.

65.    As a result of the acts and omissions of Deputy Orr, Mr. Lucas Velasquez suffered physical and mental injury and harm, emotional distress, humiliation, embarrassment, inconvenience, restraint on his liberty, lost wages

and employment, medical expenses, and harm to his reputation. He also sustained out-of-pocket expenses related to his arrest and legal defense.

Wherefore, Plaintiff, Jeorge Lucas Velasquez, respectfully requests that this Court award compensatory damages against Defendant, Joshua Orr, individually; award attorney's fees, interest, and costs pursuant to 42 U.S.C. § 1988 and applicable Florida law; and such other relief as the Court deems just and proper.

## Count II – Malicious Prosecution under 42 U.S.C. § 1983
### (Against Deputy Joshua Orr)

66.     Plaintiff, Jeorge Lucas Velasquez, realleges and incorporates paragraphs 1 through 60.

67.     Deputy Orr, acting under color of state law, deprived Mr. Lucas Velasquez of his Fourth and Fourteenth Amendment rights by seizing and arresting him without probable cause.

68.     There was no probable cause for Mr. Lucas Velasquez's seizure.

69.     In so doing, Deputy Orr initiated criminal proceedings against Mr. Lucas Velasquez by arresting him falsely and without legal authority for the charges of Driving Under the Influence of Alcohol or Drugs.

70.     Subsequently, the State Attorney for the Ninth Judicial Circuit pursued formal charges against Mr. Lucas Velasquez for DUI, pursuant to section 316.193(1)(a), Florida Statutes.

71.     The criminal proceedings against Mr. Lucas Velasquez were caused and initiated by Deputy Orr acting within the scope and authority of his employment by Sheriff Lopez and OCSO.

72.     Subsequently, the State Attorney for the Ninth Judicial Circuit dismissed the criminal proceedings against Mr. Lucas Velasquez.

73.     No arguable probable cause existed for the prosecution of Mr. Lucas Velasquez for any charge.

74.     As to this count, the prosecution was initiated with the presence of malice, fraud, reckless disregard for the truth, oppression, or with such gross negligence as to indicate wanton disregard for the rights of Mr. Lucas Velasquez, as Deputy Orr knew no probable cause existed for the initiation of the prosecution against Mr. Lucas Velasquez.

75.     As a result of the acts and omissions of Deputy Orr, Mr. Lucas Velasquez suffered physical and mental injury and harm, emotional distress, humiliation, embarrassment, inconvenience, restraint on his liberty, lost wages and employment, medical expenses, and harm to his reputation. He also sustained out-of-pocket expenses related to his arrest and legal defense.

Wherefore, Plaintiff, Jeorge Lucas Velasquez, respectfully requests that this Court award compensatory damages against Defendant, Joshua Orr, individually; award attorney's fees, interest, and costs pursuant to 42 U.S.C. § 1988 and applicable Florida law; and such other relief as the Court deems just and proper.

## Count III – Failure to Intervene under 42 U.S.C. § 1983
## (Against Deputy Hector Rivera-Ortiz)

76.     Plaintiff Jeorge Lucas Velasquez, realleges and incorporates paragraphs 1 through 60.

77.     Deputy Rivera-Ortiz observed Deputy Orr detain and arrest Mr. Lucas Velasquez without reasonable suspicion or probable cause, in violation of his right to be free of an unreasonable seizure under the Fourth Amendment.

78.     Deputy Rivera-Ortiz failed to intervene and prevent Deputy Orr from violating Mr. Lucas Velasquez's Fourth Amendment rights to be free of an unreasonable seizure, although Deputy Rivera-Ortiz had a reasonable opportunity to do so.

79.     The acts and omissions of Deputy Rivera-Ortiz violated Mr. Lucas Velasquez's rights under the due process clause of the Fourteenth Amendment, enforceable through 42, U.S.C. § 1983.

Wherefore, Plaintiff, Jeorge Lucas Velasquez, respectfully requests that this Court award compensatory damages against Defendant, Hector Rivera-Ortiz, individually; award attorney's fees, interest, and costs pursuant to 42 U.S.C. § 1988 and applicable Florida law; and such other relief as the Court deems just and proper.

### Count IV – False Arrest
### (against Deputy Orr and Sheriff Lopez)

80.     Plaintiff Jeorge Lucas Velasquez, realleges and incorporates paragraphs 1 through 60.

81.     Deputy Orr unlawfully restrained Mr. Lucas Velasquez against his will.

82.    Deputy Orr unlawfully detained and deprived Mr. Lucas Velasquez of liberty, against his will, in a manner which was unreasonable and unwarranted under the circumstances, without legal authority.

83.    Deputy Orr falsely arrested Mr. Lucas Velasquez, which is actionable against Sheriff Lopez in his official capacity pursuant to section 768.28, Florida Statutes.

84.    As a result of the acts and omissions of Deputy Orr, Mr. Lucas Velasquez suffered physical and mental injury and harm, emotional distress, humiliation, embarrassment, inconvenience, restraint on his liberty, lost wages and employment, medical expenses, and harm to his reputation. He also sustained out-of-pocket expenses related to his arrest and legal defense.

Wherefore, Plaintiff, Jeorge Lucas Velasquez, respectfully requests that this Court award compensatory damages against Defendants, Joshua Orr, individually, and Marcos R. Lopez, in his official capacity as Sheriff of Osceola County, Florida; award attorney's fees, interest, and costs pursuant to 42 U.S.C. § 1988 and applicable Florida law; and such other relief as the Court deems just and proper.

### Count V – False Imprisonment
### (against Deputy Orr and Sheriff Lopez)

85.    Plaintiff, Jeorge Lucas Velasquez, realleges and incorporates paragraphs 1 through 60.

86.    Deputy Orr unlawfully detained and deprived Mr. Lucas Velasquez of liberty, against his will, without legal authority, in a manner which was unreasonable and unwarranted under the circumstances.

87.    Deputy Orr falsely imprisoned Mr. Lucas Velasquez, which is actionable against Sheriff Lopez in his official capacity pursuant to section 768.28, Florida Statutes.

88.    As a result of the acts and omissions of Deputy Orr, Mr. Lucas Velasquez suffered physical and mental injury and harm, emotional distress, humiliation, embarrassment, inconvenience, restraint on his liberty, lost wages and employment, medical expenses, and harm to his reputation. He also sustained out-of-pocket expenses related to his arrest and legal defense.

Wherefore, Plaintiff, Jeorge Lucas Velasquez, respectfully requests that this Court award compensatory damages against Defendants, Joshua Orr, individually, and Marcos R. Lopez, in his official capacity as Sheriff of Osceola County, Florida; award attorney's fees, interest, and costs pursuant to 42 U.S.C. § 1988 and applicable Florida law; and such other relief as the Court deems just and proper.

### Count VI – Malicious Prosecution
### (against Deputy Orr and Sheriff Lopez)

89.    Plaintiff, Jeorge Lucas Velasquez, realleges and incorporates paragraphs 1 through 60.

90.    Deputy Orr initiated criminal proceedings against Mr. Lucas Velasquez by arresting him falsely and without legal authority for the charges of Driving Under the Influence.

91.    Subsequently, the State Attorney for the Ninth Judicial Circuit formally charged Mr. Lucas Velasquez with DUI, pursuant to section 316.193(1)(a), Florida Statutes.

92.    On November 13, 2023, Mr. Lucas Velasquez was arraigned on the charge of DUI, for which he entered a plea of Not Guilty. Mr. Lucas Velasquez maintained that plea throughout the criminal proceedings that were prosecuted against him.

93.    The criminal proceedings against Mr. Lucas Velasquez were caused and initiated by Deputy Orr acting within the scope and authority of his employment by Sheriff Lopez and OCSO.

94.    Subsequently, the State Attorney for the Ninth Judicial Circuit, through his assistant state attorney, dismissed the criminal proceedings against Mr. Lucas Velasquez.

95.    No probable cause existed for the prosecution of Mr. Lucas Velasquez for this charge.

96.    As to this count, the prosecution was initiated with the presence of malice, fraud, reckless disregard for the truth, oppression, or with such gross negligence as to indicate wanton disregard for the rights of Mr. Lucas Velasquez, as Deputy Orr knew no probable cause existed for the initiation of the prosecution against Mr. Lucas Velasquez.

97.    Deputy Orr initiated the malicious prosecution of Mr. Lucas Velasquez, which is actionable against Sheriff Lopez in his official capacity pursuant to section 768.28, Florida Statutes.

98.    As a result of the acts and omissions of Deputy Orr, Mr. Lucas Velasquez suffered physical and mental injury and harm, emotional distress,

humiliation, embarrassment, inconvenience, restraint on his liberty, lost wages and employment, medical expenses, and harm to his reputation. He also sustained out-of-pocket expenses related to his arrest and legal defense.

Wherefore, Plaintiff, Jeorge Lucas Velasquez, respectfully requests that this Court award compensatory damages against Defendants, Joshua Orr, individually, and Marcos R. Lopez, in his official capacity as Sheriff of Osceola County, Florida; award attorney's fees, interest, and costs pursuant to 42 U.S.C. § 1988 and applicable Florida law; and such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jeorge Lucas Velasquez, demands a trial by jury on all triable issues.

Respectfully submitted,

PALAIDIS LAW, P.A.
1314 E. Las Olas Blvd., Ste 1124
Fort Lauderdale, FL 33301
Tel: (954) 828-0848
eservice@palaidislaw.com

By:   /s/ George C. Palaidis
     George C. Palaidis
     Florida Bar Number 56666
     george@palaidislaw.com